IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Dirk Christianson, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 1:21-cv-073 |
| McLean County, a Political Subdivision of the State of North Dakota; Underwood Clinic, P.C. d/b/a Washburn Clinic; Jerry "J.R." Kerzmann, individually, and as Sheriff of McLean County; Kerri Benning, FNP-C, individually, and as Health Care Authority; Ashley Brossart, RN, individually, and as Contract Nurse; John Doe 1-4, individually, and as McLean County Correctional Officers; John Doe 5-8, individually, and as McLean County Detention Center Medical Staff. | ) **ORDER GRANTING MOTION FOR RECONSIDERATION** |
|         Defendants. | ) |

Before the Court is Defendants' Kerri Benning, FNP-C, ("Benning") individually, and as a Health Care Authority; and the Underwood Clinic, P.C. d/b/a the Washburn Clinic (the "Washburn Clinic") motion for reconsideration of the Court's Order dated December 30, 2021, denying the Washburn Clinic's motion to dismiss filed on January 7, 2022. See Doc. No. 40. In its December 30, 2021, Order, the Court denied the Washburn Clinic's motion and found that "good cause" existed to extend the three-month deadline for disclosing an expert witness in a medical negligence claim under Section 28-01-46 of the North Dakota Century Code. The Plaintiff filed a response in opposition to motion on January 28, 2022. See Doc No. 47. The Washburn Clinic filed a reply brief on February 3, 2022. See Doc. No. 48. For the reasons set forth below, the motion is granted.

1

I.   **LEGAL DISCUSSION**

The factual background of this case was thoroughly set forth in the Court's prior Order dated December 30, 2021, and will not be repeated here. The salient and undisputed fact is the Plaintiff did not serve the expert affidavit required by Section 28-01-46 of the North Dakota Century Code within three months of the commencement of the action as the statute requires.

The motion for reconsideration is made pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) permits the Court to revise an order, such as the order in question in this case, that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" at any time prior to the entry of final judgment. Fed. R. Civ. P. 54(b). When final judgment has yet to be entered, Rule 54(b) is the appropriate rule under which to consider a motion for reconsideration. Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 n. 3 (8th Cir. 2015). "[A] non-final order 'is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'" Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 807 (8th Cir. 1993) (quoting Fed. R. Civ. P. 54(b)); see also Auto Servs. Co., Inc. v. KPMG, LLP, 537 F.3d 853, 855-57 (8th Cir. 2008) (discussing a district court's inherent authority to alter, amend, or vacate non-final orders prior to the entry of the final judgment). "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." Julianello, 791 F.3d at 923. A district court may reconsider an order only if the moving party demonstrates that granting the motion is necessary to correct a significant error. Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., No. 3:09-CV-05078, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010).

Prior to 2009, N.D.C.C. § 28-01-46 simply stated that "the court may set a later date for

serving the affidavit for good cause shown by the plaintiff," and did not require an extension be made prior to the expiration of the three month deadline. Several interpretations of the "good cause" provision created some confusion. Scheer v. Altru Health Sys., 734 N.W.2d 778 (N.D. 2007); Weasel v. St. Alexius Medical Center, 230 F.3d 348, 353 (8th Cir. 2000); LaFramboise v. Thompson, 329 F. Supp. 2d 1054, 1058 (D.N.D. 2004); Thomas v. United States, No. 4:06-cv-031, 2006 WL 3694524, at *2 (D.N.D. Dec. 13, 2006).

In 2009 the North Dakota Legislative Assembly changed the law. Section 28-01-46 was amended as follows: "[t]he court may set a later date for serving the affidavit for good cause shown by the plaintiff if the plaintiff's request for an extension of time is made before the expiration of the three-month period following commencement of the action." N.D.C.C. § 28-01-46 (2009). This change was intended to "overrule *Scheer* and 'reinstat[e] the *Weasel* interpretation.'" Bride v. Trinity Hospital, 927 N.W.2d 416, 420 (2019) (alteration in original) (citing Hearing on H.B. 1302 Before the Senate Judiciary Committee, 61st N.D. Legis. Assemb. Reg. Sess. (March 10, 2009 Laws ch. 274, § 1)). Therefore, *Scheer's* interpretation (and by extension *Thomas'* similar interpretation) was superseded by the 2009 amendment.

Both the legislative history and the clear language of N.D.C.C. § 28-01-46 now dictate that the three-month deadline to serve an expert affidavit cannot be extended if there has not been a request to do so before three-month window closes. See Bride at 420. "Absent service of an affidavit or an extension of time, the court [is] required as a matter of law to grant the defendants' request to dismiss the action without prejudice." Id. at 420. Thus, merely obtaining or possessing an expert affidavit does not satisfy the requirements of N.D.C.C. § 28-01-46. See Bride at 420 ("Although Bride stated in her complaint that an admissible expert opinion supporting her allegations had been

3

obtained, this does not satisfy the affidavit requirement."). As this Court pointed out in its earlier Order, the three-month deadline in this case ran on June 30, 2021. See Doc. No. 38, p. 14. It is undisputed "that Benning and the Washburn Clinic were not served with an expert affidavit until July 6, 2021." See Doc. No. 38, p. 14. No request for an extension of time was made before the expiration of the three-month deadline. As a result, the Court's hands are tied and the claim must be dismissed. It matters not whether "good cause" existed for the delay.

This is a harsh remedy but it is one that is clearly dictated by the plain language of N.D.C.C. § 28-01-46. See Bride, 927 N.W.2d at 420-21. As the Eighth Circuit Court of Appeals pointed out in *Weasel*, these cases often "present[] a set of facts that cry for compassion[,] [b]ut as to the legal issues presented in the case, we are bound by the intent of the legislature as expressed in the plain wording of the statute." Weasel, 230 F. 3d at 354.

## II. CONCLUSION

For the reasons outlined above, the motion for reconsideration (Doc. No. 40) is **GRANTED** and the Plaintiff's claims against Defendants' Kerri Benning, FNP-C, ("Benning") individually, and as Health Care Authority; and the Underwood Clinic, P.C. d/b/a the Washburn Clinic are **DISMISSED** without prejudice in accordance with Section 28-01-46.

**IT IS SO ORDERED**.

Dated this 25th day of March, 2022.

>*/s/ Daniel L. Hovland*
>Daniel L. Hovland, District Judge
>United States District Court