IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Dirk Christianson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER GRANTING IN PART** |
| McLean County, a Political Subdivision | ) **AND DENYING IN PART** |
| of the State of North Dakota; Underwood | ) **DEFENDANTS' MOTIONS FOR** |
| Clinic, P.C. d/b/a Washburn Clinic; Jerry | ) **BILL OF COSTS** |
| "J.R." Kerzmann, individually, and as | ) |
| Sheriff of McLean County; Kerri Benning, | ) Case No. 1:21-cv-00073 |
| FNP-C, individually, and as a Health Care | ) |
| Authority; Ashley Brossart, RN, | ) |
| individually, and as Contract Nurse; John | ) |
| Doe 1-4, individually, and as McLean | ) |
| County Correctional Officers; John Doe | ) |
| 5-8, individually, and as McLean County | ) |
| Detention Center Medical Staff, | ) |
| | ) |
| Defendants. | ) |

Before the Court are two motions for bill of costs and disbursements filed by the Defendants in this case. See Doc. Nos. 105 and 110. Defendants McLean County, a political subdivision of the State of North Dakota, Jerry "J.R." Kerzmann, individually, and as sheriff of McLean County, and Ashley Brossart, RN, individually, and as Contract Nurse (collectively, "the County Defendants") filed a motion for bill of costs and disbursements on April 25, 2025. See Doc. No. 105. The Plaintiff filed an objection to the motion on May 2, 2025. See Doc. No. 109. Defendant Kerri Benning, FNP-C, individually and as a health care authority, filed a motion for bill of costs and disbursements on May 7, 2025. See Doc. No. 110. The Plaintiff did not file an objection to the motion. For the reasons set forth below, the County Defendants' motion is granted in part and denied in part, and Defendant Benning's motion is granted.

1

It is well-established that the award of costs and attorney's fees is governed by Federal Rule of Civil Procedure 54(d)(1), and 28 U.S.C. §§ 1821, 1920, 1921, 1923, and 1924. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides in relevant part as follows:

>     (d)   Costs; Attorney's Fees.
>
>       (1) Costs Other Than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees– should be allowed to the prevailing party.

The Eighth Circuit Court of Appeals has explained that Rule 54(d) "represents a codification of the 'presumption that the prevailing party is entitled to costs.'" Greaser v. Missouri Dept. of Corr., 145 F.3d 979, 985 (8th Cir. 1998) (quoting Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995)). District courts have significant discretion in awarding costs to the prevailing party. Id. at 985 (citing Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997)); Brisco-Wade v. Carnahan, 297 F.3d 781, 783 (8th Cir. 2002) ("Rule 54(d) gives the district court discretion not to award costs to the prevailing party. . . ."). There is no requirement under Rule 54 that a district court provide a detailed review or analysis of every cost item awarded. Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 896-97 (8th Cir. 2009).

Many of the recoverable costs are enumerated in 28 U.S.C. § 1920, which provides as follows:

>   A judge or clerk of any court of the United States may tax as costs the following:
>
>   (1) Fees of the clerk and marshal;
>
>   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>   (3) Fees and disbursements for printing and witnesses;
>
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

The County Defendants request costs in the amount of $15,365.86. See Doc. No. 105. In support of the motion, the County Defendants submitted a statement of costs and disbursements. See Doc. No. 106. The Plaintiff objects to the County Defendants' request for item A(2), "Fees and Disbursements for Printing and Witnesses." Id. at p. 3. In item A(2), the Defendants request $1,725.00 for "Plaintiff's expert Tim Gravette's deposition charge." Id. In support of this cost, the County Defendants cite to a bill for the deposition of Tim Gravette for $1,725.00. See Doc. No. 106-2. The Plaintiff argues the fee for the deposition of Tim Gravette should be limited to the $40 witness fee, as established by 28 U.S.C. §§ 1821 and 1920. Under 28 U.S.C. § 1821,

> **(b)** A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

It is well-established that absent statutory authority to the contrary, expert witness fees are limited to the $40 per day permitted by 28 U.S.C. § 1821. In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440–445 (1987) the United States Supreme Court held that a prevailing party's recovery of expert witness fees could not exceed the statutory limit. This Court does not have the authority to tax costs beyond that allowed under 28 U.S.C. § 1821 and cannot award expert witness fees beyond the $40 per day limit, plus reasonable travel and subsistence. Accordingly, the Plaintiff shall be taxed $40 for the deposition of Tim Gravette. The remaining $1,685 in expert witness fees

claimed by the Defendants for Tim Gravette are non-recoverable under existing federal authority. The Plaintiff does not object to any other costs requested by the County Defendants.

Defendant Kerri Benning requests costs in the amount of $8,805.75. See Doc. No. 110. The Plaintiff did not file an objection to Benning's motion. Benning submitted a statement of costs and disbursements in support of her motion. See Doc. No. 111. Benning seeks $8,765.75 in fees for deposition transcripts and $40 in witness fees for Dr. Paul Carson. Id.

The Court has carefully reviewed the parties' briefs, statements of costs and disbursements, the relevant case law, and the entire record. In the broad exercise of its discretion under Rule 54(d), the Court awards costs and disbursements to the County Defendants in the amount of $13,680.86[1] and the Court awards costs and disbursements to Defendant Kerri Benning in the amount of $8,805.75. Pursuant to Local Rule 54.1, the Court directs the Clerk's Office to insert these amounts in the judgment.

**IT IS SO ORDERED.**

Dated this 4th day of June, 2025.

> /s/ Daniel L. Hovland
> Daniel L. Hovland, District Judge
> United States District Court

---

[1] This amount includes $40 for the witness fee of Tim Gravette, $12,122.45 for transcript fees, and $1,518.41 for fees for exemplification and the costs of making copies of any materials where the copies were necessarily obtained for use in the case.